IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,365

In the Matter of PAUL P. HASTY, JR.,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed October 10, 2014. Indefinite suspension.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause and was on the formal complaint for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause, and *Paul P. Hasty, Jr.*, respondent, argued the cause pro se.

*Per Curiam*:  This is an uncontested original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Paul P. Hasty, Jr., of Overland Park, an attorney admitted to the practice of law in Kansas in 1976.

On October 28, 2013, the office of the Disciplinary Administrator filed a formal complaint against the respondent, alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on November 13, 2013. On December 18, 2013, the parties entered into a stipulation on some of the charged violations.

A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on December 19, 2013, where the respondent was personally present and was represented by counsel. The hearing panel determined that respondent violated KRPC 1.3 (2013 Kan. Ct. R. Annot. 464) (diligence); 1.4(a) and (b) (2013 Kan.

1

Ct. R. Annot. 484) (communication); 3.4(d) (2013 Kan. Ct. R. Annot. 601) (failure to comply with discovery request); and 8.4(d) (2013 Kan. Ct. R. Annot. 655) (conduct prejudicial to the administration of justice).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.     On January 27, 2010, a car driven by A.P., a teenager, sideswiped a school bus driven by M.D. and then struck a vehicle driven by K.L. K.L. suffered significant injuries. First Student, Inc. (hereinafter 'FSI') owned the school bus.

"9.     On June 17, 2010, K.L. and his wife, M.L., filed suit against FSI, M.D., and A.P., alleging negligence, negligence *per se*, and loss of consortium in the Circuit Court of Cass County, Missouri. In the petition, FSI was referred to as First Student Bus Service and M.D.'s name was spelled incorrectly.

"10.     FSI retained the respondent to represent FSI and M.D. FSI, M.D., and the respondent believed that neither FSI nor M.D. were negligent nor did they, in any way, contribute to K.L.'s injuries. FSI was self-insured and assigned its claims handling to Gallagher Bassett Services, a claims management company. Gallagher Bassett Services assigned J.H., a senior claims representative, to manage the claim. J.H. instructed the respondent to contact the FSI terminal manager in Grandview, Missouri, L.W., to obtain discovery responses.

"11.     On July 8, 2010, the respondent filed an answer on behalf of FSI and M.D.

2

"12.     At the time the suit was filed, the plaintiffs prepared discovery requests, including requests for production of documents and interrogatories. The plaintiffs properly served the discovery on the defendants. [Footnote: The respondent asserted in the underlying case and in the disciplinary case that the discovery requests were not properly served on FSI. The circuit court considered this matter on June 6, 2011, and concluded that the discovery requests were properly served on FSI. Based upon the circuit court's finding, the hearing panel finds that the discovery requests were properly served on FSI.] The respondent's responses to discovery were due in August 2010.

"13.     The respondent failed to timely comply with the discovery requests.

"14.     Shortly after the respondent was retained in 2010, the respondent learned that the school bus involved in the accident was equipped with a GPS device supplied by Zonar. The device was capable of recording various data including pre-bus inspection reports and information from the GPS recording such as bus speeds and locations.

"15.     Rather than conduct any investigation on the capabilities of the Zonar device, the respondent relied on L.W. L.W. told the respondent that the mechanics at FSI knew little about how to retrieve information from the Zonar device.

"16.     While the Zonar system was new to FSI in 2010, B.S., a shop manager at FSI in Grandview, Missouri, would have been able to retrieve information from the Zonar device in 2010, had he been asked to do so. (The respondent failed to contact B.S. until shortly before B.S.'s scheduled deposition in 2012.)

"17.     On September 2, 2010, plaintiffs filed a motion to amend the petition to correct FSI's name. On September 13, 2010, the court granted the plaintiffs' motion.

"18.     On September 3, 2010, the respondent filed a motion to extend time to respond to plaintiffs' request for production of documents. In the motion, the respondent pointed out that FSI's name was not properly listed. In the motion, the respondent requested that FSI have until October 1, 2010, to respond to the request for production. The court granted the respondent's request for an extension of time.

"19.     On September 7, 2010, the respondent filed objections to certain requests for production of documents. The respondent did not file any objections to the interrogatories.

"20.     Also on September 7, 2010, the respondent wrote to FSI and requested that they provide certain documents to comply with the remaining discovery requests.

"21.     FSI did not provide the requested documents to the respondent. The respondent took no additional action to obtain the discovery from FSI. The respondent did not comply with the requests for production of documents by the court's October 1, 2010, deadline.

"22.     On April 29, 2011, plaintiffs sent the respondent a 'golden rule' letter, requesting that the respondent comply with the discovery requests.

"23.     On May 18, 2011, the respondent again wrote to FSI requesting that it provide the respondent with various documents to provide to the plaintiffs through discovery.

"24.     On May 18, 2011, the respondent wrote to plaintiffs in response to the 'golden letter' rule.

"25.     The court scheduled a hearing on plaintiffs' motion to enforce discovery for May 31, 2011. On May 31, 2011, the respondent filed a response to the motion to enforce discovery.

"26.     Also on May 31, 2011, the respondent filed a motion to continue the hearing scheduled for that day. In the motion, the respondent acknowledged that the next regular docket for the court was June 6, 2011. Disciplinary Administrator's Exhibit 19.

"27.     On May 31, 2011, plaintiffs filed an amended motion for enforcement of discovery. In the motion, plaintiffs requested that the court strike all pleadings filed by

4

FSI, the court enter a default judgment against FSI, and for other relief the court deemed just and proper. The respondent failed to inform his clients that the plaintiffs filed the amended motion and sought to have FSI's pleadings struck and for default judgment to be entered.

"28. On June 6, 2011, the court conducted a hearing. The plaintiffs and A.P. appeared. Neither the respondent nor anyone else appeared on behalf of FSI and M.D. Following the hearing, the court issued an order. The order provided:

'. . . Upon review and consideration of Plaintiffs' Motion and Amended Motion for Enforcement of Discovery Propounded to Defendant First Student, Inc., it is hereby:

'ORDERED that Plaintiffs' First Interrogatories to Defendant First Student, Inc. and Plaintiff's [*sic*] First Request for Production of Documents to Defendant First Student, Inc. were properly served to Defendant First Student, Inc.

'IT IS FURTHER ORDERED that Defendant First Student, Inc. has 21 days from this June 6, 2011, Order to fully answer and respond without objections to Plaintiffs' First Interrogatories to Defendant First Student, Inc. and Plaintiffs' First Request for Production of Documents to First Student, Inc. If Defendant First Student, Inc. fails to fully respond to Plaintiffs' First Interrogatories to Defendant First Student, Inc. and Plaintiffs' First Request for Production of Documents to Defendant First Student, Inc. within 21 days of the date of this June 6, 2011, Order, the Court will enforce sanctions to include the striking of all Defendant First Student, Inc.'s pleadings filed in this case.'

The respondent did not comply with the discovery requests within 21 days as provided in the court's order. The respondent failed to inform his clients that the court issued the order and that FSI had 21 days to comply or its pleadings would be struck.

5

"29.    On June 10, 2011, plaintiffs wrote to the respondent and enclosed a copy of the court's June 6, 2011, order. The letter was sent to the respondent *via* electronic mail and regular United States mail.

"30.    That same day, the respondent filed a motion to continue a hearing scheduled for June 13, 2011. However, no hearing was scheduled for June 13, 2011.

"31.    On June 28, 2011, plaintiffs filed a motion for sanctions against FSI. In the motion, the plaintiffs stated:

'Plaintiffs' [*sic*] first noticed their Motion for Enforcement of Discovery for May 31, 2011 at 9:00 a.m. At the request [*sic*] Defendant First Student, and upon motion of Defendant, the hearing of Plaintiffs' Motion was continued until June 6, 2011. Defendant First Student failed to appear at said hearing and Defendant was given 21 days from June 6, 2011, to fully answer and respond without objections to Plaintiffs' First Interrogatories to Defendant First Student, Inc. and Plaintiffs' First Request for Production of Documents to First Student, Inc. (Footnote omitted.)

'A copy of the Order on Plaintiffs' Motion for Enforcement was provided to Defendant First Student on June 10, 2011, immediately after it was received by Plaintiffs' counsel. (Footnote omitted.) This letter also outlines each interaction leading to the June 6, 2010, hearing, including the fact that the date of the hearing was chosen by Defense counsel.

'It has now been almost 1 year since written discovery was served upon Defendant First Student. Almost 1 year has past [*sic*] without the first hint of an interrogatory answer or proper responsive documents. Worse yet, it has now been over 21 days since this Court's June 6, 2011, Order and Defendant has continued to show no sign of compliance.

6

'This Court's order states: "If Defendant First Student, Inc. fails to fully respond to Plaintiffs' First Interrogatories to Defendant First Student, Inc. and Plaintiffs' First Request for Production of Documents to Defendant First Student, Inc. within 21 days of the date of this June 6, 2011, Order, the Court will enforce sanctions to include the striking of all Defendant First Student, Inc.'s pleadings filed in this case." Plaintiff now seeks an Order enforcing these sanctions due to Defendant First Student, Inc.'s contumacious and deliberate disregard for the trial court's authority.'

The respondent failed to inform his clients that plaintiffs filed a motion for sanctions and sought to have FSI's pleadings struck.

"32.     On June 29, 2011, the respondent served FSI's answers to plaintiff's interrogatories to the plaintiffs.

"33.     The court scheduled a hearing on the motion for sanctions for August 15, 2011. Neither the respondent, FSI, nor M.D. appeared at the hearing. The court stated that it would consider whether all pleadings filed by FSI and M.D. should be stricken. The respondent did not inform his client that he had failed to appear at a scheduled hearing. The court continued the hearing on the motion for sanctions to August 29, 2011.

"34.     On August 26, 2011, the respondent filed FSI's response to plaintiffs' request for production of documents.

"35.     At the August 29, 2011, hearing, the court ordered the respondent to provide additional information in response to the request for production of documents and the interrogatories. Also during the hearing, the court informed the respondent that it would impose attorney fees as a sanction against FSI. The respondent failed to inform FSI that the court stated that it would impose an attorney fee sanction against FSI.

"36.     On September 6, 2011, the respondent provided supplemental answers to the interrogatories. The respondent was unable to timely comply with the court's order for

7

additional disclosures related to the request for production of documents as his client failed to provide him with certain information. On October 7, 2011, the respondent filed supplemental answers to the request for production of documents.

"37.    On December 19, 2011, plaintiffs filed a motion for attorney fees, seeking $23,000. In the motion, counsel described, in detail, the problems with discovery, including the respondent's failure to appear at hearings. The respondent failed to inform his client that the plaintiffs filed a motion for attorney fees.

"38.    The respondent filed a response to the motion on January 18, 2012. The respondent, however, failed to explain his failure to appear at the hearings, other than to say that there were 'coordination and communication problems' and that he 'could not be present' at the hearings. The respondent failed to inform his client that he filed a response to the motion for attorney fees.

"39.    On February 6, 2012, the court held a pretrial conference. The respondent again, failed to appear in court.

"40.    On February 6, 2012, the court granted the plaintiffs' motion for attorney fees and ordered FSI to pay $23,000 in attorney fees. The respondent failed to inform his client that the court ordered it to pay $23,000 in attorney fees.

"41.    The respondent paid the sanction from his own funds. The respondent failed to inform his client that he paid the attorney fee sanction.

"42.    On March 5, 2012, the court held a scheduling conference. The respondent failed to appear in court for the fourth time.

"43.    On May 1, 2012, plaintiffs filed a second motion for sanctions against FSI.

8

"44.     FSI terminated the respondent's representation. Thereafter, on May 16, 2012, the respondent filed a motion to withdraw as counsel for FSI and M.D. On May 21, 2012, the court granted the respondent's motion.

"45.     On June 29, 2012, the court heard the plaintiffs' second motion for sanctions. Thereafter, on July 12, 2012, the court issued an order. In the order, the court stated:

'Defendant First Student argues to the Court that since the entry of new counsel in the case in May of 2012, it has tried to comply with discovery requests. However, these new efforts do not erase the nearly 2 years of non-compliance. The actions of its first attorney are imputed to First Student Inc. as a matter of law. [Citations omitted.]'

The court granted the plaintiffs' motion for sanctions and struck FSI's pleadings. Additionally, the court also made clear that at trial, FSI would not be allowed to present evidence nor cross-examine witnesses at trial.

"46.     On September 19, 2012, the court clarified its previous order and struck FSI's answer, defenses, and counterclaims. Additionally, the court clarified that it would not permit FSI to introduce evidence, cross-examine witnesses or contest liability in the liability portion of the trial. The court clarified that it would permit FSI to cross-examine plaintiffs' witnesses regarding damages.

"47.     Thereafter, FSI settled the suit with K.L. and M.L. for $2,500,000. FSI filed a malpractice claim against the respondent's malpractice carrier. The respondent's malpractice carrier settled that claim and paid FSI $1,000,000.

"*Conclusions of Law*

"48.     Based upon the parties' stipulation and the findings of fact above, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.3, KRPC 1.4(a), KRPC 1.4(b), KRPC 3.4(d), and KRPC 8.4(d), as detailed below.

9

"KRPC 1.3

"49.     Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent stipulated that he violated KRPC 1.3 by failing to attend hearings on behalf of FSI on June 6, 2011 and August 15, 2011. In addition, the respondent violated KRPC 1.3, by failing to attend hearings on February 6, 2012, and March 5, 2012. Because the respondent failed to act with reasonable diligence and promptness in representing his client, the hearing panel concludes that the respondent violated KRPC 1.3.

"KRPC 1.4

"50.     KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' The respondent stipulated that he violated KRPC1.4(a) by failing to keep FSI reasonably informed about the status of the representation. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

"51.     'A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.' KRPC 1.4(b). In this case, the respondent stipulated that he repeatedly violated KRPC 1.4(b) when he failed to explain to FSI information necessary for FSI to make informed decisions regarding the representation.

'a.  The respondent failed to inform FSI that the plaintiffs filed an amended motion for enforcement of discovery, seeking to have FSI's pleadings struck.

'b.  The respondent failed to inform FSI that the court issued an order on June 6, 2011, providing FSI with 21 days to comply with discovery or FSI's pleadings would be struck.

10

'c. The respondent failed to inform FSI that the plaintiffs filed a motion for sanctions on June 28, 2011, again requesting the court to strike FSI's pleadings.

'd. The respondent failed to inform FSI that the respondent failed to appear at a hearing scheduled for August 15, 2011.

'e. The respondent failed to inform FSI that on August 29, 2011, the court stated that it would impose a sanction of attorney fees against FSI.

'f. The respondent failed to inform FSI that plaintiffs filed a motion for attorney fees, seeking $23,000.

'g. The respondent failed to inform FSI that the respondent filed a response to the motion for attorney fees.

'h. The respondent failed to inform FSI that the court granted the plaintiffs' motion for attorney fees and ordered FSI to pay $23,000.

'i. The respondent failed to inform FSI that the respondent paid the sanctions from his own funds.

"52. The hearing panel, therefore, concludes that the respondent repeatedly violated KRPC 1.4(b).

"KRPC 3.4(d)

"53. Attorneys are required to act with fairness to opposing counsel in responding to requests for discovery. KRPC 3.4(d) provides the rule in this regard. 'A lawyer shall not . . . fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party.' The respondent violated KRPC 3.4(d) when he failed to take additional steps to comply with discovery. Regarding the Zonar

11

device, the respondent failed to make a diligent effort to comply with the discovery request. Additionally, for months, the respondent took no action to comply with any of the plaintiffs' discovery requests. As such, the hearing panel concludes that the respondent violated KRPC 3.4(d).

"KRPC 8.4(d)

"54.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he repeatedly failed to appear at scheduled hearings. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"55.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"56.     *Duty Violated*.  The respondent violated his duty to his client to provide diligent representation and adequate communication. The respondent violated his duty to the legal profession to act with fairness to an opposing party and maintain his personal integrity. Finally, the respondent violated his duty to the legal system to refrain from conduct which prejudices the administration of justice.

"57.     *Mental State*.  The respondent knowingly violated his duties.

"58.     *Injury*.  As a result of the respondent's misconduct, the respondent caused actual serious financial injury to his client.

12

"59.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"60.     *Prior Disciplinary Offenses*.  The respondent has been previously disciplined on three occasions. In 2002 and again in 2007, the Respondent participated in the Attorney Diversion Program. In the 2002 case, the Respondent violated KRPC 3.3 and KRPC 3.4 by failing to comply with discovery orders and failing to deal with the court with candor.

"61.     In the 2007 case, the Respondent violated KRPC 1.7 by continuing to represent a client when a partner in the Respondent's law firm was representing the plaintiff in a lawsuit adverse to the Respondent's client.

"62.     In 2010, the Kansas Supreme Court censured the respondent for having violated KRPC 1.3 (diligence) and KRPC 1.4 (communication). On the same facts, the Missouri Supreme Court reprimanded respondent on November 13, 2008, as a result of the violations.

"63.     *Selfish Motive*.  The respondent engaged in selfish conduct when he repeatedly kept important information from his client.

"64.     *A Pattern of Misconduct*.  The respondent has engaged in a pattern of misconduct. The respondent failed to appear at four scheduled hearings. The respondent failed to inform FSI of nine separate significant occurrences in the case. Further, much of the respondent's misconduct in this case is similar to the misconduct in previous disciplinary cases.

13

"65.    *Multiple Offenses*.  The respondent committed multiple rule violations. The respondent violated KRPC 1.3, KRPC 1.4(a), KRPC 1.4(b), KRPC 3.4(d), and KRPC 8.4(d).

"66.    *Refusal to Acknowledge Wrongful Nature of Conduct*.  While the respondent entered into a stipulation, during the hearing on the formal complaint, he equivocated his acceptance of responsibility.

"67.    *Substantial Experience in the Practice of Law*.  The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1976. At the time of the misconduct, the respondent has been practicing law for 35 years.

"68.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"69.    *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His Acknowledgment of the Transgressions.* Despite his later equivocation, the respondent entered into a stipulation of facts and rule violations.

"70.    *Imposition of Other Penalties or Sanctions*.  The respondent has experienced other sanctions for his conduct. The respondent paid attorney fees to the plaintiffs in the amount of $23,000. Further, the respondent's malpractice carrier, on the respondent's behalf, paid FSI $1,000,000.

"71.    *Remorse*.  At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"72.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

14

'4.42     Suspension is generally appropriate when:

      (a)     a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

      (b)     a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'6.22     Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

'7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

'8.2     Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

"*Recommendation*

"73.     The disciplinary administrator recommended that the respondent be indefinitely suspended from the practice of law. The respondent recommended that the respondent be censured for the misconduct.

"74.     The ABA Standards for Imposing Lawyer Sanctions indicate that a suspension is appropriate under the circumstances—the respondent knowingly engaged in the misconduct and the respondent had previously been censured for the same

15

misconduct. Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be suspended for a period of 2 years.

"75.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, the discipline that should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2013 Kan. Ct. R. Annot. 356). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer, and adequate notice of the hearing before the panel and the hearing before this court. The respondent did not file exceptions to the hearing panel's final hearing report. We therefore deem the panel's findings of fact admitted. Supreme Court Rule 212(c) and (d) (2013 Kan. Ct. R. Annot. 375).

The evidence before the hearing panel establishes by clear and convincing evidence the charged misconduct violated KRPC 1.3 (2013 Kan. Ct. R. Annot. 464) (diligence); 1.4(a) and (b) (2013 Kan. Ct. R. Annot. 484) (communication); 3.4(d) (2013 Kan. Ct. R. Annot. 601) (frivolous discovery request); and 8.4(d) (2013 Kan. Ct. R.

16

Annot. 655) (conduct prejudicial to the administration of justice). Further, it supports the panel's conclusions of law, and we adopt those conclusions.

The decision among potentially appropriate disciplinary sanctions in this case is driven by several considerations particular to respondent's behavior and situation. First, misconduct similar to that in which respondent engaged here was at the heart of two previous disciplinary incidents, one subject to diversion and another that led to public censure. These lesser responses were obviously inadequate to enforce respondent's promises to address the causes of the incidents. Second, the consequences of respondent's misconduct for his client in this case were extraordinarily severe. Finally, respondent's remarks at his hearing before the court were less than convincing on his acceptance of responsibility; he appeared to be more interested in taking issue with the panel's findings of violations than in acknowledging his fault and expressing his remorse.

A majority of the court therefore holds that respondent should be indefinitely suspended; a minority of the court would impose a 2-year suspension with a requirement that the respondent be subject to a reinstatement hearing under Supreme Court Rule 219 (2013 Kan. Ct. R. Annot. 407).

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Paul P. Hasty, Jr. be indefinitely suspended from the practice of law in the State of Kansas, effective on filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2013 Kan. Ct. R. Annot. 300).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2013 Kan. Ct. R. Annot. 406).

17

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 111,365 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.